UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARGARET HOWARD | CIVIL ACTION |
| VERSUS | NO: 22-cv-02356 |
| WINN-DIXIE STORES, INC., WINN-DIXIE MONTGOMERY, LLC, and TRAJUANA IRVIN | SECTION: "A" (3) |

## ORDER AND REASONS

The following motion is before the Court: **Motion to Remand (Rec. Doc. 6)** filed by Plaintiff, Margaret Howard. Defendants, Winn-Dixie Stores, Inc., Winn Dixie Montgomery, LLC, and Trajuana Irvin, oppose the motion. The motion, noticed for submission on August 31, 2022, is before the Court on the briefs without oral argument.[1]

This suit arises out of a slip and fall that occurred at a Winn-Dixie store on September 11, 2020 in Orleans Parish. The plaintiff, Margaret Howard, alleges that she "slipped and fell on a slippery substance in the middle of the aisle." (Rec. Doc. 1-1,

---

[1] Plaintiff requested oral argument but the Court is not persuaded that it would be helpful in deciding the issues presented.

Petition ¶ V). Plaintiff filed suit in state court against the defendants, Winn-Dixie Stores, Inc., Winn-Dixie Montgomery, LLC, and Trajuana Irvin. Her petition recites the usual elements of damages associated with a slip and fall injury claim. The state court petition was filed on August 23, 2021.

On July 27, 2022, Defendants removed the suit to this Court alleging diversity jurisdiction. Relying on the "other paper" rule,[2] Defendants assert that even though it was not facially apparent from the original petition that the amount in controversy exceeded the jurisdictional minimum, "allegations in the Petition, information developed through discovery, and the deposition of the plaintiff" demonstrate that the jurisdictional amount for federal subject matter jurisdiction is satisfied. (Rec. Doc. 1, Notice of Removal ¶ 39).

Plaintiff now moves to remand the suit to state court arguing that (1) the removal was untimely, (2) complete diversity is lacking, and (3) Defendants have not met their burden to establish that the amount in controversy requirement is satisfied. *See* 28 U.S.C. § 1332(a)(1) (providing original subject matter jurisdiction where the matter in controversy exceeds the sum of $75,000 and the matter is between citizens of different

---

[2] The "other paper" rule reads as follows:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3) (emphasis added).

states).

The Court begins with Plaintiff's contention that Defendants have not met their burden to establish that the amount in controversy requirement is satisfied. In *Guijarro v. Enterprise Holdings, Inc.,* the Fifth Circuit summarized the analytical framework for determining whether the amount in controversy is met in cases removed from a state court when the petition does not specify a dollar amount of damages. 39 F.4th 309, 314 (5th Cir. 2022) (noting that state court petitions in the Fifth Circuit are often silent on the dollar amount of damages when the amount in controversy is in dispute). In such cases, the removing defendant, as the party invoking the federal court's jurisdiction, bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *Id.* (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). As the Fifth Circuit explained:

> The defendant can meet that burden in one of two ways: (1) by establishing that it is "facially apparent" that the claims are likely to exceed $75,000, or (2) by setting forth the facts in controversy that support a finding of the requisite amount.

*Guijarro*, 39 F.4th at 314 (citing *Luckett*, 171 F.3d at 298).

If it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)).

Defendants assert that it is not facially apparent from the original petition that the

amount in controversy requirement was satisfied in this case. (Rec. Doc. 1, Notice of Removal ¶ 3). Plaintiff concurs with Defendants' assertion. (Rec. Doc. 6-1, Mem. in Support of Motion to Remand at 16). The Court agrees.

To satisfy their burden as to the amount in controversy, Defendants included in the Notice of Removal other facts in controversy that they learned about in discovery: Plaintiff suffered injuries to her lumbar spine and left knee; her injuries were treated with chiropractic services and a lumbar medial branch block medical procedure; Plaintiff is a candidate for future lumbar radiofrequency ablations and plans to pursue future treatment options with a pain management physician and an orthopedic surgeon; Plaintiff's medical expenses at the time of removal totaled to $17,936. (Rec. Doc. 1, Notice of Removal ¶¶ 19-23).

Defendants also included with their Notice of Removal a copy of Plaintiff's discovery responses and deposition testimony. The Court is not persuaded, however, that Defendants have satisfied their burden as to the amount in controversy at the time of removal, which is the only relevant time frame. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (explaining that the jurisdictional facts that support removal must be judged at the time of the removal not afterward). Plaintiff's deposition testimony indicates that she was not employed at the time of the incident and was not making a claim for lost wages. (Rec. Doc. 1-13, Deposition at 17). Further, Plaintiff's medical expenses are relatively low considering that two years have passed since the incident occurred. Finally, it is highly speculative to suggest that Plaintiff's ongoing and future medical treatments at the time of removal are enough to satisfy the amount in

controversy. *Allen*, 63 F.3d at 1335.

Because the Court is not convinced that Defendants have met their burden to establish that the amount in controversy requirement for subject matter jurisdiction is satisfied, it is not necessary to consider the remaining issues of whether the removal was untimely or if complete diversity was lacking.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 6)** filed by the plaintiff, Margaret Howard is **GRANTED**. This matter is **REMANDED** to the state court from which it was removed for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

September 21, 2022

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE